SUMMARY ORDER

Petitioner Xiubin Weng, a native and citizen of the People’s Republic of China, seeks review of the September 28, 2007 order of the BIA denying her motion to reopen. In re Xiubin Weng, No. A78 410 613 (B.I.A. Sept. 28, 2007). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
As an initial matter, we acknowledge the government’s argument that this case is moot because U.S. Citizenship and Immigration Services has denied Weng’s application for adjustment of status. However, we find it unnecessary to decide the question of mootness when, even assuming we have jurisdiction here, Weng’s petition for review must be denied. Cf. Ivanishvili v. U.S. Dep’t. of Justice, 433 F.3d 332, 338 (2d Cir.2006).
*77 We review the BIA’s denial of a motion to reopen for 2 abuse of discretion. See Azmond Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006) (per curiam). Because Weng’s May 2007 motion to reopen was filed nearly three years after the BIA’s April 2004 decision, the BIA properly observed that her motion was time-barred unless she could establish an exception to the 90-day filing deadline. See 8 C.F.R. § 1003.2(c)(2), (c)(3). Weng raised no argument before the BIA concerning the timeliness of her motion. Here, she argues that the filing deadline should be “equitably tolled” because she acted with “due diligence” in bringing her motion, i.e., she filed it within six months of her marriage to her U.S. citizen husband. While Weng bases her argument on our decision in Iavorski v. INS, 232 F.3d 124, 127 (2d Cir.2000) (holding that “that the filing deadline for motions to reopen may be equitably tolled” if the alien demonstrates prejudice resulting from the ineffective assistance of prior counsel and “due diligence” in pursuing her case during the period sought to be tolled), she makes no allegations of ineffective assistance of counsel. As Weng fails to argue that her motion qualifies for any recognized exception to the 90-day filing deadline, there is no basis on which to conclude that the BIA abused its discretion in denying her motion as untimely. Moreover, because this finding alone is dispositive of the petition for review, it is unnecessary to consider any of the BIA’s alternative findings, or any of Weng’s arguments challenging those findings.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.